UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN WALLACE
and MARGARET WALLACE,

        Plaintiffs,

      v.

FEDERAL EMPLOYEES OF
UNITED STATES DISTRICT COURT,
et al.,

        Defendants.

:  Civil Action No. 07-1132(NLH)
:
:
:
:
:
:  OPINION
:
:
:
:
:
:

**APPEARANCES:**

John Wallace
P.O. Box 8732
Allentown, PA 18105-8732
    *Pro se*

Virginia R. Powel, Esquire
U.S. Attorney's Office
615 Chestnut St
Suite 1250
Philadelphia, PA 19106-4476
    *On behalf of defendants Federal Employees of the U.S.*
    *District Court, EDPA, the Honorable Charles Weiner, U.S.D.J.*
    *(deceased), and the Honorable R. Barclay Surrick, U.S.D.J.*

A. Taylor Williams, Esquire
Administrative Office of PA Courts
1515 Market St
Ste 1414
Philadelphia, PA 19102
    *On behalf of State Employee of District Justice's Office and*
    *the Honorable Michele A. Varricchio, Magisterial District*
    *Judge*

Neil C. Schur, Esquire
Stevens & Lee
1818 Market Street
29th Floor
Philadelphia, PA 19103
    *On behalf of Graphic Management Associates (GMA), Stevens &*
    *Lee, and R. Michael Carr*

**HILLMAN**, District Judge, District of New Jersey[1]

This matter has come before the Court on the motions of defendants "Federal Employees of the U.S. District Court, EDPA," the Honorable Charles Weiner, U.S.D.J. for the Eastern District of Pennsylvania (deceased),[2] the Honorable R. Barclay Surrick, U.S.D.J. for the Eastern District of Pennsylvania, "State Employee of District Justice's Office," Michele A. Varricchio, Magisterial District Judge for Lehigh County Magisterial District 31-1-03, Graphic Management Associates (GMA), Stevens & Lee, P.C., and R. Michael Carr, Esquire to dismiss plaintiffs' claims pursuant to Federal Civil Procedure Rule 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Also before the Court is defendants' motion to strike plaintiffs' "Supplemental Pleading--Addition of Defendants," as well as two motions for default judgment filed by plaintiffs.  For the reasons expressed below, defendants' motions will be granted, and plaintiffs' motions will be denied.

---

[1]Designated for service in the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. § 292(b) as ordered by the Honorable Anthony J. Scirica, Chief Judge of the United States Court of Appeals for the Third Circuit.

[2]The Department of Justice authorized representation for Judge Weiner prior to his death.  In addition to Judge Weiner's immunity from suit based on the doctrine of judicial immunity, which is discussed below, all claims against him must be dismissed for lack of personal jurisdiction.

2

## BACKGROUND

Plaintiffs, John Wallace and Margaret Wallace, husband and wife, have filed a 210 page complaint, in addition to numerous exhibits, against various defendants relating to unsuccessful litigation by plaintiffs. It appears from the voluminous and rambling complaint that plaintiffs' claims emanate from a lawsuit they filed in 2004 in the Eastern District of Pennsylvania regarding an employment dispute between Ms. Wallace and her former supervisor at a newspaper plant operated by GMA. That case was assigned to Judge Weiner, but after granting plaintiffs' request to recuse himself, the case was assigned to Judge Surrick. Plaintiffs sought the recusal of Judge Surrick, who denied the application. Plaintiffs appealed that ruling, and it was affirmed. Judge Surrick ultimately dismissed the action, and that ruling was also affirmed on appeal.

In April 2006, plaintiffs filed another suit in the Eastern District of Pennsylvania, claiming that in their 2004 lawsuit, GMA and the law firm and attorney representing GMA (Stevens & Lee and R. Michael Carr) entered fraudulent documents into the record. Plaintiffs also alleged that Judge Weiner and Judge Surrick conspired to mishandle the case. The action was dismissed against all defendants on January 3, 2007 on the basis that the judges were immune from suit based on the doctrine of judicial immunity, and GMA, Stevens & Lee and Carr were immune

3

based on the doctrine of the litigation privilege.  Plaintiffs
appealed the dismissal, and their appeal is still pending.

   Plaintiffs' complaint here appears to assert the same claims
against Judge Weiner, Judge Surrick, GMA, Stevens & Lee, and Carr
as in the 2006 litigation.  It also appears that plaintiffs are
claiming that as a result of defendants's conduct in the 2004 and
2006 litigation, they were evicted from their home and a
fraudulent state court judgment was entered against them.  This
eviction and state court judgment is the basis for plaintiffs'
claims against their landlord, JADO Associates and its owners
Julian Asencio and Dorca Asencio (hereinafter collectively "JADO
Associates"), Judge Varricchio and the state court employee.
Plaintiffs claim that Judge Varricchio conspired with JADO
Associates to inflate the back-rent due, which was fraud on the
state court.

   All defendants, except for JADO Associates,[1] have moved to
dismiss plaintiffs' claims.  Following the filing of these
motions, plaintiffs filed a "Supplemental Pleading--Addition of
Defendants," which adds as defendants Virginia Gibson and
Virginia Powel, who are the Assistant United States Attorneys
(AUSAs) assigned to represent Judge Weiner and Judge Surrick in

---

   [1]As discussed below in regard to plaintiffs' motion for
default judgment against JADO Associates and its owners Julian
Asencio and Dorca Asencio, plaintiffs have not properly served
these defendants.

4

this case.  Motion has been made to strike plaintiffs'
supplemental pleading.  Plaintiffs have also filed motions for
default judgment against GMA, Stevens & Lee, Carr and JADO
Associates.  All motions are ripe for resolution.

DISCUSSION

A.   Jurisdiction

Because Plaintiffs have brought claims pursuant to 42 U.S.C.
§ 1983 and <u>Bivens v. Six Unknown Named Agents of the Federal
Bureau of Narcotics</u>, 403 U.S. 388 (1971), for alleged violations
of their civil rights, this Court has jurisdiction of this matter
pursuant to 28 U.S.C. § 1331.

B.   Motion to Dismiss Standard

When considering a motion to dismiss a complaint for failure
to state a claim upon which relief can be granted pursuant to
Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded
allegations in the complaint as true and view them in the light
most favorable to the plaintiff.  <u>Evancho v. Fisher</u>, 423 F.3d
347, 351 (3d Cir. 2005).  It is well settled that a pleading is
sufficient if it contains "a short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is
not necessary to plead evidence, and it is not necessary to plead
all the facts that serve as a basis for the claim.  <u>Bogosian v.
Gulf Oil Corp.</u>, 562 F.2d 434, 446 (3d Cir. 1977).  However,

5

"[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element"). A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).   The defendant bears the burden of showing that

6

no claim has been presented.  <u>Hedges v. U.S.</u>, 404 F.3d 744, 750
(3d Cir. 2005) (citing <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926
F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must
only consider the facts alleged in the pleadings, the documents
attached thereto as exhibits, and matters of judicial notice.
<u>Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group
Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider,
however, "an undisputedly authentic document that a defendant
attaches as an exhibit to a motion to dismiss if the plaintiff's
claims are based on the document."  <u>Pension Benefit Guar. Corp.
v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir.
1993).  If any other matters outside the pleadings are presented
to the court, and the court does not exclude those matters, a
Rule 12(b)(6) motion will be treated as a summary judgment motion
pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

> **C.   Whether Plaintiffs' Claims Against Defendants Should be
> Dismissed**

All defendants, except for JADO Associates, have moved to
dismiss plaintiffs' claims.  These defendants can be separated
into two groups based on plaintiffs' allegations.  One group
consists of Judge Weiner, Judge Surrick, GMA, Stevens & Lee, and
Carr because all of plaintiffs' allegations arise out of their
2004 and 2006 litigation.  The other group consists of Judge
Varricchio and the state court employee because plaintiffs'

claims against these defendants arise out of the state court
landlord/tenant matter.   The motions of each group will be
addressed in turn.[4]

———————————————

[4]An alternative basis for the dismissal of plaintiffs'
complaint is their failure to comply with Fed. R. Civ. P.
8(a)(2).   Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint
setting forth a claim for relief must contain "a short and plain
statement of the claim showing that the pleader is entitled to
relief," and the plaintiff is limited to a "short and plain
statement" in order to give the defendant fair notice of the
plaintiff's claims and the bases thereof.   Conley v. Gibson, 355
U.S. 41, 47-48 (1957).   Where plaintiffs have filed voluminous
complaints containing arguments, recitations of the law, and
otherwise unnecessary detail, courts have dismissed their
complaints pursuant to Rules 8 and 12(f), which provides that the
court, on its own or pursuant to a motion by a party, "may order
stricken from any pleading . . . any redundant, immaterial,
impertinent, or scandalous matter."   See, e.g., Brejcak v. County
of Bucks, 2004 WL 377675, *3 (E.D. Pa. Jan. 28, 2004) (granting
motions made pursuant to Rules 8 and 12(f) explaining, "Within
her factual averments, from paragraph twenty-four to paragraph
one hundred five, Plaintiff explains, often through multiple
paragraphs, the significance of more than forty dates in 2001.
Such exactitude in pleading is unnecessary and unfairly
cumbersome"); Drysdale v. Woerth, 1998 WL 966020, *2 (E.D. Pa.
Nov. 18, 1998) (stating that the "93 paragraph narrative []
describes in unnecessary and burdensome detail every instance of
Defendants' alleged misconduct," and that the complaint "is
violative of both the letter and the spirit of Rule 8(a)(2),"
"[i]t is a dramatic departure from the type of pleadings
anticipated by the Rules," and "it contains scandalous,
impertinent and unnecessary material, some of which is irrelevant
and some of which at best might constitute admissible evidence");
Burks v. City of Philadelphia, 904 F. Supp. 421, 423-24 (E.D. Pa.
1995) (stating that "the complaint reads more like a novel than
the legal pleading it purports to be," and "a fact-laden,
36-page, 128-paragraph narrative that describes in unnecessary,
burdensome, and often improper argumentative detail, every
instance of alleged racial discrimination perpetrated by
Defendants over the period of 1993 and 1994" is improper under
the Rules).
    Here, plaintiffs' 210 page complaint is rife with redundant
allegations, recitations of evidence, and dozens of pages of
legal citations, case summaries, dictionary definitions, and

     1.    ***Motions to dismiss by Judge Weiner, Judge Surrick,
            GMA, Stevens & Lee, and Carr***

Plaintiffs' claims against Judge Weiner, Judge Surrick,[5]

GMA, Stevens & Lee, and Carr are barred under the doctrines of

issue and claim preclusion, judicial immunity, and the judicial

privilege.

     As a primary matter, it appears that all of plaintiffs'

claims against all these defendants were litigated in their 2006

case.  This is barred by the doctrines of issue preclusion (or

collateral estoppel) and claim preclusion (or *res judicata*).  The

Third Circuit has explained that issue preclusion applies when

"(1) the issue sought to be precluded is the same as that

involved in the prior action; (2) that issue was actually

litigated; (3) it was determined by a final and valid judgment;

and (4) the determination was essential to the prior judgment."

In re Graham, 973 F.2d 1089, 1097 (3d Cir. 1992) (citations

---

quotations from the Bible.  This is the type of burdensome and
unnecessarily and unfairly cumbersome complaint that is violative
of the Federal Rules and necessitates dismissal pursuant to Rule
12(f).  Nonetheless, the Court will analyze plaintiffs' complaint
substantively pursuant to the defendants' motions.

    [5]Plaintiffs argue that the Judges' motion to dismiss is
improper because defendants filed their motion prior to
plaintiffs serving their complaint on them.  Plaintiffs'
complaint was filed on March 22, 2007, and summonses for all
defendants were issued that same day.  The U.S. Attorney's Office
accepted service of plaintiffs' complaint summons on March 27,
2007.  Thus, plaintiffs' argument is unavailing, and defendants
have properly moved to dismiss plaintiffs' complaint.  (The same
argument was raised and discussed at length in Wallace v. Federal
Judge of United States District Court, Civ. Action No. 06-5670,
Docket No. 18.)

omitted); see also Jean Alexander Cosmetics, Inc. v. L'Oreal USA,
Inc., 458 F.3d 244, 249 (3d Cir. 2006).  Claim preclusion applies
"when there is a final judgment on the merits involving the same
parties or their privies and a subsequent suit based upon the
same causes of action."  Byrd v. City of Philadelphia, 245 Fed.
Appx. 208, 210 (3d Cir. 2007) (citing United States v. Athlone
Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984)) ("Rather than
resting on the specific legal theory invoked, res judicata
generally is thought to turn on the essential similarity of the
underlying events giving rise to the various legal claims . . .
.").  These doctrines are similar, but while issue preclusion
"refers to the effect of a judgment in foreclosing further
adjudication of a matter actually decided, claim preclusion
prohibits litigants from pursuing a matter that has not
previously been litigated but which should have been advanced in
an earlier suit."  General Electric Co. v. Deutz AG, 270 F.3d
144, 158 n.5 (3d Cir. 2001).

     As they did in their 2006 case, plaintiffs allege that the
Judges mishandled their case, and GMA and its legal
representation committed fraud on the court by submitting
fraudulent documents.  (Compare Compl. here with Compl. in Civ.
Action No. 06-1649.)  In the 2006 case, plaintiffs' claims
against the Judges were dismissed on the basis of judicial
immunity, and plaintiffs' claims against GMA, Stevens & Lee, and
Carr were dismissed based on the judicial privilege.  Thus, a

final judgment on the merits was entered on the same claims and
issues against the same parties as plaintiffs' case here.
Additionally, if there is any claim that plaintiffs have advanced
here regarding these defendants' alleged actions in their 2004
and/or 2006 cases that was not specifically raised in their 2006
litigation, that claim would be barred because of their failure
to raise it in their prior litigation.

In addition to collateral estoppel and *res judicata* issues,
defendants are immune from liability based on the doctrines of
judicial immunity and the judicial privilege.  A judge is
entitled to absolute immunity from civil suits for actions
arising from his or her judicial actions.  See <u>Mireless v. Waco</u>,
502 U.S. 9, 9-10 (1991) (explaining that "judicial immunity is an
immunity from suit, not just from ultimate assessment of
damages," and that "judicial immunity is not overcome by
allegations of bad faith or malice"); <u>Pierson</u> v. <u>Ray</u>, 386 U.S.
547, 553-554 (1967) ("Few doctrines were more solidly established
at common law than the immunity of judges from liability for
damages for acts committed within their judicial jurisdiction . .
. .").

Similarly, an attorney and his law firm, and the client they
are representing, are entitled to the judicial privilege.  The
judicial privilege extends to "communications which are issued in
the regular course of judicial proceedings and which are
pertinent and material to the redress or relief sought."  <u>General</u>

Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 311-12
(3d Cir. 2003) (citing Post v. Mendel, A.2d 351, 353 (Pa. 1986))
(other citations omitted).  The Third Circuit has explained,
"'[T]he privilege exists because there is a realm of
communication essential to the exploration of legal claims that
would be hindered were there not the protection afforded by the
privilege. Without the protection of the privilege for
communications necessary to such exploration, access to the
courts would be impaired, witnesses would be intimidated and
lawyers' efforts in pursuit of their clients causes would be
chilled.'"  Id. (quoting Silver v. Mendel, 894 F.2d 598, 603 (3d
Cir. 1990)) (other citations omitted).  The privilege only
applies to communications that are "pertinent and material to the
redress or relief sought," or "essential to the exploration of
legal claims in litigation."  Id. (citations omitted).

     Here, because all of plaintiffs' claims arise out of the
defendants' alleged conduct in the 2004 and 2006 litigation, the
doctrine of judicial immunity bars plaintiffs' claims against
Judge Weiner and Judge Surrick, and the judicial privilege bars
plaintiffs' claims against GMA, Stevens & Lee, and Carr.

     Finally, plaintiffs' claim against the Judges, and Stevens &
Lee and Carr in their representation of GMA, for their
culpability in the judgment entered against them in Pennsylvania
state court with regard to their eviction and back rent also
fails.  Plaintiffs claim that because of the Judges' misconduct
in the 2004 and 2006 litigation, and the fraud GMA, Stevens &

Lee, and Carr perpetrated on the court in their 2004 and 2006 litigation, Ms. Wallace was denied her rights "so that she lacked money for rent," which then set into motion their eviction and fraudulent state court judgment.[6]   (Pl. Compl. at 23.)   As a primary matter, this claim assumes that even in the absence of the alleged misconduct and fraud, Ms. Wallace would have been awarded a judgment in her federal court litigation.   This assumption is untenable and fails to state a claim.   Furthermore, this claim fails for the same reasons their other claims fail against these defendants--because all of defendants' alleged conduct occurred in their capacity as judges or as part of the litigation process, the Judges are immune from liability on this claim because of their judicial immunity, and Stevens & Lee and Carr are immune based on the judicial privilege.   Consequently, this claim, as with the others alleged against these defendants, must be dismissed.

### 2.   Motions to dismiss by Judge Varricchio and the state court employee

Plaintiffs' claims against Judge Varricchio and an unnamed state court employee arise out of their landlord's eviction proceeding in Pennsylvania state court.   Plaintiffs claim that their landlord, JADO Associates, furnished false documents to

---

[6]Plaintiffs were evicted from their apartment, and a judgment for back rent entered against them, in April 2005.   (See Pl. Ex. G.)   Thus, any claims against these defendants regarding the state court landlord/tenant action must be related to the 2004 federal court litigation, and not their federal case filed in 2006.

Judge Varricchio, and she "fully knowing this, issued a judgment against the Plaintiffs for the <u>falsified</u> and inflated amount." (Compl. at 15 (emphasis in original).)  Because this is plaintiffs' only claim against Judge Varricchio, and this alleged conduct occurred during the course of her judicial duties, this claim fails because Judge Varricchio is immune from suit based on the doctrine of judicial immunity.  <u>Mireless v. Waco</u>, 502 U.S. 9, 9-10 (1991); <u>Pierson v. Ray</u>, 386 U.S. 547, 553-554 (1967). Because plaintiffs have not asserted any claims against any specific state court employee, the defendant "state employee of district judge's office" must be dismissed from the case as well.

### 3.    *Motion to dismiss plaintiffs' "Supplemental Pleading--Addition of Defendants"*

On September 17, 2007, plaintiffs filed a "Supplemental Pleading--Addition of Defendants."  Plaintiffs have submitted this filing pursuant to Federal Civil Procedure Rule 15(d), which provides, in relevant part, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." This "supplemental pleading" asks that Chief Assistant United States Attorney Virginia Gibson and Assistant United States Attorney Virginia Powel be added as defendants to their complaint.

This "supplemental pleading" must be stricken for two reasons.  First, plaintiffs have failed to file a motion for

14

leave to file a supplemental pleading, which is a requirement of
Rule 15(d).  Second, even if the Court were to construe
plaintiffs' filing as a motion for leave, adding these additional
defendants would be futile.

Ms. Gibson and Ms. Powel are the Assistant United States
Attorneys (AUSAs) who have appeared in this case to represent
Defendant Judge Weiner and Judge Surrick.  Plaintiffs claim that
in their representation of Judge Weiner and Judge Surrick, these
AUSAs have "perpetrated attorney fraud" in an attempt to have
plaintiffs' case dismissed.  This claim fails, however, because
the AUSAs' actions in defending the Judges are protected by the
judicial privilege.[7]  See General Refractories Co. v. Fireman's
Fund Ins. Co., 337 F.3d 297, 311-12 (3d Cir. 2003) (citing Post
v. Mendel, A.2d 351, 353 (Pa. 1986)) (other citations omitted).

It is clear that the judicial privilege applies to
plaintiffs' proposed claims against the AUSAs.  Plaintiffs claim
that the AUSAs committed fraud and attempted to prejudice this
Court by stating in Judge Weiner and Judge Surrick's motion to

---

[7]The claims against the AUSAs also fail because they are
immune from suit.  See Barrett v. U.S., 798 F.2d 565, 572 (2d
Cir. 1986) (citing Mitchell v. Forsyth, 472 U.S. 511 (1985); Butz
v. Economou, 438 U.S. 478 (1978) ("Although government defense
counsel, not having selected the other party as the target of the
litigation, is in a more passive position than a prosecutor or
plaintiff's representative, he nevertheless functions in an
adversarial arena where 'there is, if not always a winner, at
least one loser,' and since he is charged with a public trust he
should not be inhibited in the faithful performance of his duties
by the threat of harassing lawsuits against him. His function as
a government advocate therefore entitles him to absolute
immunity, which is 'necessary to assure that ... advocates ...
can perform their respective functions without harassment or
intimidation.'").

dismiss that plaintiffs' EEOC claim was "unsuccessful," when plaintiffs actually received a right-to-sue letter, which plaintiffs classify as being "successful."  This claim arises solely out of the AUSAs' representation of Judge Weiner and Judge Surrick, and, thus, is barred.  Consequently, plaintiffs' "Supplemental Pleading--Addition of Defendants" must be stricken.

### 4.   *Plaintiffs' motions for default judgment against GMA, Stevens & Lee, Carr, and JADO Associates*

Plaintiffs have moved for default judgment against GMA, Stevens & Lee, Carr, and JADO Associates.  These motions must be denied.

Under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process.  First, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court.  Fed. R. Civ. P. 55(a).  After the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court.  Fed. R. Civ. P. 55(b).  Here, plaintiffs have by-passed the first step of the process.  As a result, plaintiffs' motions for default judgment must be denied.

Even if plaintiffs did comply with Rule 55(a), their motions would be denied because GMA, Stevens & Lee, Carr and JADO

16

Associates have not been properly served.[8] Plaintiffs sent copies of their summonses and complaint to these defendants via certified United States mail. Service through the United States mail is insufficient under Federal Civil Procedure Rules 4(e) (service on an individual) and 4(h) (service on a corporation, partnership or association), and plaintiffs did not receive a waiver of service pursuant to Rule 4(d) from defendants. Consequently, plaintiffs cannot move for default as to defendants that have not been properly served. Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside.").[9]

## CONCLUSION

For the reasons expressed above, plaintiffs' claims against

---

[8]GMA, Stevens & Lee, and Carr received a copy of plaintiffs' complaint via certified mail, and chose to move to dismiss plaintiffs' complaints on substantive grounds rather than pursuant to Rule 12(b)(5) for improper service.

[9]As a corresponding issue, plaintiffs were required to properly serve their complaint onto JADO Associates within 120 days of March 22, 2007, which is the date they filed their complaint. Failure to do so results in either the dismissal of their complaint, or a directive from the Court that service be made within a specific time period. See Fed. R. Civ. P. 4(m). Because the majority of the voluminous complaint contains claims against the other defendants, and those claims have been dismissed, the Court will dismiss plaintiffs' complaint without prejudice as to JADO Associates, which will allow plaintiffs the option of refiling their complaint, if they so wish, to assert only their claims against JADO Associates, and to cure their current complaint's Rule 8 deficiencies.

all defendants must be dismissed, plaintiffs' "Supplemental
Pleading--Addition of Defendants" must be stricken, and
plaintiffs' motions for default judgment must be denied.   An
appropriate Order will issue.


Dated: _April 23, 2008_          _Noel L. Hillman_

                                 NOEL L. HILLMAN, U.S.D.J.

18

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN WALLACE                    :   Civil Action No. 07-1132(NLH)
and MARGARET WALLACE,           :
                                :
          Plaintiffs,           :
                                :
     v.                         :   **ORDER**
                                :
FEDERAL EMPLOYEES OF            :
UNITED STATES DISTRICT COURT,   :
et al.,                         :
                                :
          Defendants.           :

     For the reasons expressed in the Court's Opinion filed even

date,

     **IT IS HEREBY** on this   23ʳᵈ   day of   April   ___, 2008

     **ORDERED** that defendants' motions to dismiss [4, 7, 11] are

**GRANTED**; and it is further

     **ORDERED** that defendants' motion to strike plaintiffs'

"Supplemental Pleading--Addition of Defendants" [17] is **GRANTED**;

and it is further

     **ORDERED** that plaintiffs' motions for default judgment [14,

15] are **DENIED**; and it is further

     **ORDERED** that plaintiffs' claims against defendant JADO

Associates, Julian Asencio, and Dorca Asencio are **DISMISSED**

**WITHOUT PREJUDICE**; and it is further

     **ORDERED** that the Clerk of the Court shall mark this action

as **CLOSED**.

                              _____
                              NOEL L. HILLMAN, U.S.D.J.